IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANUWAVE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9925 |
| | ) |
| ASSOCIATED BANC-CORP d/b/a | ) |
| ASSOCIATED BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Anuwave LLC ("Anuwave") has just filed a "Complaint for Infringement of Patent" ("Complaint") against Associated Banc-Corp d/b/a Associated Bank, N.A. ("Associated"), and the action has been assigned to this Court's calendar under the random assignment system in effect in this judicial district. This memorandum opinion and order is issued sua sponte because of the problematic choice of forum engaged in by Anuwave's counsel.

As the Complaint plainly reads, what is involved here can well be characterized as forum shopping with a vengeance. Complaint ¶ 2 identifies Anuwave as "a Texas entity with its principal place of business at 1333 McDermott Drive, Suite 150, Allen, TX 75013," while Complaint ¶ 3 asserts, on information and belief, that Associated is a bank that "is a Wisconsin corporation, having a principal place of business at 43 Main St., Green Bay, WI 54301." And for its part Congress has sought fit to enact a special venue provision as to patent infringement actions in 28 U.S.C. § 1400(b) ("Section 1400(b)"):

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Whatever may be said in other sections of Title 28 about where a corporation "resides," the Supreme Court reconfirmed more than four decades ago its earlier decision that for Section 1400(b) purposes that word stands for the corporation's state of incorporation. As <u>Brunette Machine Wks., Ltd. v. Kockum Indus., Inc.</u> 406 U.S. 706, 707 n.2 (1972) held:

> Petitioner does not 'reside' in Oregon, because the residence of a corporation for purposes of § 1400(b) is its place of incorporation. <u>Fourco Glass Co. v. Transmirra Prods. Corp.</u>, 353 U.S. 222 (1957), discussed infra at 711 and n.10.

And as <u>Fourco Glass</u>, 353 U.S. at 228, 229 had held:

> We think it is clear that § 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to <u>all</u> defendants in a particular type of actions, i.e., patent infringement actions.
>
> \*   \*   \*
>
> We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(e).

So Anuwave has failed to qualify in terms of the first Section 1400(b) alternative. And as to the other alternative, Associated may perhaps have "committed acts of infringement" in this Northern District of Illinois as the Complaint alleges (an allegation that need not be explored here), but it is not even hinted that the Wisconsin bank has "a regular and established place of business" here.

Accordingly both the Complaint and this action are dismissed on grounds of improper venue. This dismissal is of course without prejudice to Anuwave's ability to sue Associated in the bank's home territory (which it shares with the Green Bay Packers, not the Chicago Bears).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 26, 2016